IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RENITA BAKER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:13-CV-288 |
| | § | |
| ABC PROVIDER DFW, LLC and | § | |
| JAMES FORBES, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

The following are pending before the court:

1.      Defendants' motion to dismiss and memorandum in support (docket entry #4);

2.      Plaintiff's response to Defendants' motion to dismiss (docket entry #5); and

3.      Defendants' reply to Plaintiff's response to motion to dismiss (docket entry #6).

Having considered the Defendants' motion and the briefing of the parties, the court finds that the motion should be granted.

### BACKGROUND

The facts, according to the Plaintiff's complaint, are as follows:

    1. Plaintiff is an individual residing in Dallas County, Texas.

    2. Defendant, ABC PROVIDER DFW, LLC, is a limited liability company formed and existing under the laws of the State of Texas and which maintains and operates an assisted care living facility in Denton County, Texas.

    3. Defendant JAMES FORBES is an individual residing in Denton County, Texas and who at all times relevant to this claim acted directly or indirectly in the interest of Defendant, ABC PROVIDER DFW, LLC, in relation to Plaintiff's

employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant JAMES FORBES was Plaintiff's employer as defined by 29 U.S.C. §203(d).

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant, ABC PROVIDER DFW, LLC was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, ABC PROVIDER DFW, LLC regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

5. The Plaintiff worked for Defendants from July 10, 2012 through May 14, 2013 as a caregiver.

6. During one or more weeks of Plaintiff's employment with Defendants, Defendants intentionally failed to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek.

7. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked more than forty hours ("overtime hours").

8. During the weeks in which Plaintiff worked overtime hours, Defendants intentionally and willfully failed to pay Plaintiff one and one-half times her regular rate for each overtime hour worked.

PL. COMPL., pp. 1-2, ¶¶ 1-8.

## LEGAL STANDARD

In passing on a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *id.* at 555, and into the "realm of plausible liability." *Id.* at 557 n.5. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### DISCUSSION AND ANALYSIS

The Defendants argue that the Plaintiff failed to adequately allege coverage under the Fair Labor Standards Act ("FLSA"). The Defendants contend that the Plaintiff's complaint merely recites a portion of the statutory elements of FLSA coverage. The Plaintiff did not directly respond to the Defendants' arguments; rather, the Plaintiff states that her pleading places the Defendants on notice that they have been sued for unpaid overtime under the FLSA.

In order to survive the Defendants' motion to dismiss, the Plaintiff must allege facts that show coverage under the FLSA. *Morrow v. J W Electric, Inc.*, 2011 WL 5599051, *2 (N.D. Tex. 2011), citing *Lindgren v. Spears*, 2010 WL 5437270, at *3 (S.D. Tex. Dec.27, 2010) (holding that FLSA coverage must be alleged because it is an element of the claim). "'The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage").'" *Id.*, quoting *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted). "'Either individual or enterprise coverage

is enough to invoke FLSA protection.'" *Id*, quoting *Martin*, 955 F.2d at 1032 (emphasis omitted).

Here, the court finds "that the complaint does not sufficiently allege facts demonstrating individual or enterprise coverage. Rather than pleading specific facts that establish individual or enterprise coverage, [the Plaintiff] merely recites the statutory elements of FLSA coverage, . . . *Id*. at *3. Further, the Plaintiff alleged, without factual support, that Defendant, ABC Provider DFW, LLC was an enterprise engaged in interstate commerce because it "regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s)." "These averments are not allegations of fact that provide 'the grounds of h[er] entitlement to relief'; they are nothing more than 'a formulaic recitation of the elements of a cause of action.'" *Id*., quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted) (remaining citation omitted). The Plaintiff has, therefore, failed to plead sufficient facts to enable the court to conclude that she has pleaded a facially plausible FLSA claim. *See id*. Since the Plaintiff failed to allege facts that, if taken as true, establish coverage under the FLSA, the Defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss is granted. *See id*.

## CONCLUSION

Based on the foregoing, the Defendants' motion to dismiss (docket entry #4) is hereby **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 26th day of March, 2014.**

/s/ Richard A. Schell
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE